Atherton, J.
The original action was brought by the defendant in error, Caroline M. Rockwell, against the plaintiff in error, Salmon D. Ashley, for defamatory words alleged to have been spoken by Ashley of and concerning Caroline. It was alleged that Caroline, at the date of the speaking of the words, was and ever since has been the wife of Gfeorge M. Rockwell. There were five causes of action in the petition, and the date of speaking the slanderous words was alleged to have been, in each case, more than two years before the action was begun. '
Demurrers were interposed to the five causes of action, because neither of them accrued within one year before the action was commenced, and to the fifth cause of action, because the same did not state facts sufficient to constitute a cause of action.
The court overruled both the demurrers, and to that action the defendant excepted. In the subsequent stages of the case, the defense of the statute of limitations was relied and insisted upon in the charge and motion for a new trial, and is now relied upon to reverse the judgment of the court.
The act of April 3, 1861 (S. & S. 389), and its subsequent amendments, provide, that the “ personal property, including rights in action, belonging to any woman at her marriage, or which may have come to her during coverture by gift, bequest, or inheritance, or by purchase with her separate money or means, or be due as the ■wages of her separate labor, or have grown out of any violation of her personal rights, shall, together with all income, increase, and profits thereof, be and remain her separate property and under her sole control,” etc.
*388 Section 28 of the code of civil procedure, among other things, provided that “where a married woman is a party, her husband must be joined with her, except when the action concerns her separate property, ... in which case she may sue alone.” “And in all cases where she may sue or be sued alone, the like proceedings shall be had and the like judgment rendered and enforced in all respects as if she was an unmarried woman.” “ But in no case shall she be required to prosecute or defend by next friend,” etc.
Section 28 was repealed and re-enacted in 1879 (76 Ohio L. 3), but no changes were made affecting the question now under consideration.
It is claimed by the plaintiff in error that the enactment of these statutes, making the property of a married woman her separate estate and authorizing her to sue and be sued concerning it without joining her husband or prosecuting by next friend, so emancipated her in respect to such actions as to make her, in legal contemplation and effect, a feme sole and, by necessary implication, repealing the saving clause in the statute of limitations in respect to such actions. The question for the court is, did the enactment of those statutes have that effect ?
It has been determined by this court that an injury to the person of a married woman by an assault and battery is a violation of her personal rights, and the right of action accruing to her for the injury, by the act of 1861, concerning the rights and liabilities of married women and by the subsequent amendments, constitutes the separate property of the wife and is under her sole control. Stevenson v. Morris, 37 Ohio St. 10.
The same rule would make the right of action of the plaintiff below her separate estate and property, and, under said section 28 of the Code (now Revised Statutes, section 4996), she had the right to sue alone and recover her damages for the slanderous words.
It was admitted that the defamatory words were all spoken more than two years before bringing the suit.
Section 4986 of the Revised Statutes provides that “ If a *389 person entitled to bring any action mentioned in this subdivision, except for a penalty or forfeiture, is, at the time the action accrues, ... a married woman, . . . such person may bring such action within the respective times limited by this chapter, after such disability is removed.”
Mrs. Rockwell was a married woman when the cause of action accrued and when the suit was brought. This brings us squarely to a determination of the question of repeal by implication, which was mooted and suggested both in Stevenson v. Morris, supra, and Railroad v. Cobb, 35 Ohio St. 97. The saving clause has never been expressly repealed, but has been re-enacted in the same form since the passage of the married women’s act.
Repeals by implication are not favored, and if differr ent acts relating to the same general object or purpose can be so construed as to give effect to all their provisions, there is no repeal by implication.
There would seem to be no difficulty or logical impropriety in the legislature providing that a married woman may sue alone, and in also providing that she may have a given time to sue after the disability of coverture is removed.
If the sole reason, object, and purpose of the saving clause in the statute of limitations was to protect her right of action until she had the legal right to maintain an action without joining her husband or prosecuting by next friend, then the argument of repeal by implication might be unanswerable.
But was that the only object the legislature had in view? Can we say this is the only or even the controlling reason that influenced the legislature to put married women within the protection of the saving clause ?
The wife is always largely within the power of the husband. She may have the naked legal right to sue, and that be of little value or avail to her if he commands her to the contrary. She ought to have the right to sue after his influence, power, and commaud are no longer felt.
*390 We at least have not the right to say that this consideration may not have influenced the legislature in enacting and re-enacting this clause after the statute relating to the rights of married women was enacted, and the court is of opinion that no such repugnancy exists between these statutes as to work a repeal by implication.
In arriving at this conclusion, we are not unmindful of the decision reached by this court in Slater v. Cave, 3 Ohio St. 80.
• The court there held that the statute saving to parties within the age of twenty-one years the right to bring actions within the respective periods after they arrived at that age, was changed by implication to mean eighteen years as to females, by the enactment making eighteen in women the age of majority.
That “case is to be distinguished from the case at bar. There infancy alone produced the disability. When the age of majority w,as changed to eighteen years in females, it gave them all the right to vindicate their causes of action by suit they could ever have. No practical reason existed for giving the emancipated female any longer time than the emancipated male to sue after her disability was wholly removed.
The court is also of the opinion that the defamatory words alleged, in the fifth cause of action, to have been spoken, were actionable per se.
There was no error in the proceedings and judgment of the court below.
Judgment affirmed.